IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DILLON WADE THOMPSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-139 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO
## DENY MOTION TO DISMISS AS TIME-BARRED

Petitioner has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. After issuance of an Order to Show Cause, respondent filed a Motion to Dismiss the petition as time barred. For the reasons set forth below, it is the undersigned's opinion the Motion to Dismiss should be DENIED.

I.
PROCEDURAL HISTORY

On January 26, 2011, petitioner was found guilty of one count of indecency with a child; seven counts of producing, directing, or promoting a sexual performance by a child; and seventeen counts of possession of child pornography. He was sentenced to a term of imprisonment of fifty-five years. Petitioner directly appealed the conviction, and the Seventh Court of Appeals affirmed on February 10, 2012. Petitioner's petitions for discretionary review were refused on November 21, 2012. Petitioner then filed a motion for rehearing, which was denied on January 9, 2013. His conviction became final ninety days later on April 9, 2013, when the time for filing a petition for writ

of certiorari expired.

On March 31, 2014, petitioner filed state applications for habeas corpus, which were denied on May 14, 2014. Petitioner filed motions for reconsideration of the denial of habeas relief on May 27, 2014, which motions were denied on June 2, 2014. This federal petition was filed June 3, 2014.

II.
STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. The one-year limitation period begins running on the day the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). When the last day of the one-year period in which to file a federal habeas petition is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. Pro. 6(a)(1)(c). The time during which a properly filed state habeas corpus application is pending tolls the limitations period. 28 U.S.C. § 2244(d)(2). If a petitioner files a motion to reconsider, the time between the disposition of the habeas petition and the resolution of the motion to reconsider is tolled. *Lookingbill v. Cockrell*, 293 F.3d 256, 261 (5th Cir. 2002) (applying the holding of *Melancon v. Kaylo*, 259 F.3d 401 (5th Cir. 2001) to extend *Emerson v. Johnson*, 243 F.3d 931 (5th Cir. 2001).).

Respondent contends the petition is time barred, and while respondent agrees the dates recited above control, respondent presents two factors to support the contention that petitioner is time barred.

First, respondent contends petitioner is not entitled to statutory tolling for the period from May 27, 2014, (when petitioner filed his motion to reconsider the denial of his state applications for habeas corpus) to June 2, 2014 (when the motion for reconsideration was denied). Respondent

contends this time period is not tolled because he asserts the motion for reconsideration was not filed prior to the expiration of the limitations period and, therefore, does not operate to statutorily toll any time. In support of this contention, respondent cites *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001) and the unpublished case *Gordon v. Dretke*, 107 F. App'x 404 (5th Cir. 2004).

It is not necessary for the Court to reach the issue of whether *Gordon v. Dretke* is applicable and/or has any precedential value because petitioner Thompson's motion to reconsider was filed within the one-year limitations period, albeit on the last day of the limitations period instead of one day too late as respondent contends.

As set out previously, petitioner's conviction became final on April 9, 2013. Petitioner allowed 355 days to pass before filing his state habeas corpus application on March 31, 2014. His state habeas petition was denied without written order on May 14, 2014, thereby tolling the statute of limitations for forty-five days. Absent additional tolling, petitioner's 365-day grace period would have expired on May 24, 2014. Since May 24, 2014 was a Saturday, respondent recognizes petitioner would have had until the next day that was not a Saturday, Sunday, or legal holiday before the federal petition was due and argues that day to be Monday, May 26, 2014. Monday May 26, 2014, however, fell on Memorial Day, a federal holiday. Therefore, petitioner's federal petition was due on or before May 27, 2014.

Since petitioner filed his motions for reconsideration on May 27, 2014, the limitations period was tolled between the denial of his state habeas applications on May 14, 2014, and the June 2, 2014, denial of his motion for reconsideration. The federal petition was, therefore, due on or before June 21, 2014, and the petition, which was filed on June 3, 2014, eighteen days before it was due, was timely.

For the reasons set out, the federal habeas petition is not time barred, and it is the RECOMMENDATION of the undersigned United States Magistrate Judge that respondent's Motion to Dismiss be DENIED.

### III.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___ day of November 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).